1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SHEILA I. GLASER,

                                      Plaintiff,

        v.

DEPUY ORTHOPAEDICS, INC., et al.,

                                      Defendants.

Case No. 2:12-cv-00895-MMD-CWH

ORDER

(Defs.' Motion to Stay – dkt. no. 8)
Plf.'s Motion to Remand – dkt. no. 12)

        Before the Court are Defendants DePuy Orthopaedics, Inc.'s ("DePuy") and Precision Instruments, Inc.'s ("Precision") Motion to Stay (dkt. no. 8) and Plaintiff Sheila Glaser's Motion to Remand (dkt. no. 12).

**I.    BACKGROUND**

        On May 1, 2008, Plaintiff was implanted with a hip implant manufactured by Defendant DePuy, known as the "ASR hip." (Dkt. no. 1-1 at ¶ 40.) Plaintiff alleges that Defendant Precision was the distributor of the ASR hip. (*Id.* at ¶ 7.) Plaintiff alleges that she subsequently suffered damages as a result of Defendants' wrongful conduct in connection with the development, design, testing, manufacture, distribution and sale of the ASR hip. Plaintiff further alleges that as a result of these damages, her surgeon removed the ASR hip on or around November 11, 2011. (*Id.* at ¶ 43.)

        On April 13, 2012, Plaintiff filed a complaint in the Eighth Judicial District Court in Clark County, Nevada against Defendants. (Dkt. no. 1-1.) Defendants removed the action on May 25, 2012. (Dkt. no. 1.) On May 30, 2012, Defendants filed a Motion to

1    Stay, arguing that this case will likely be transferred to the Multidistrict Litigation ("MDL")

2    proceedings in the Northern District of Ohio before the Honorable David A. Katz, MDL

3    No. 2197, *In re DePuy Othtopaedics, Inc., ASR Hip Implant Products Liability Litigation*,

4    753 F. Supp. 2d 1378 (J.P.M.L. 2010).  The panel was created in response to a number

5    of lawsuits filed against DePuy after it initiated a voluntary recall of the ASR hip in

6    August 2010.

7        On June 5, 2012, the United States Judicial Panel on Multidistrict Litigation issued

8    a Conditional Transfer Order ("CTO") on the matter.  (Dkt. no. 18 at 2.)  Plaintiff

9    subsequently filed a Notice of Opposition to the CTO and formally moved to vacate the

10   CTO on June 22, 2012.  (*Id.*)

11       On June 5, 2012, Plaintiff filed a Motion to Remand, arguing that this lawsuit does

12   not meet the complete diversity requirement because Defendant Precision and Plaintiff

13   are both citizens of Nevada.  (Dkt. no. 12 at 2.)  Defendants counter that complete

14   diversity exists because Defendant Precision was fraudulently joined.  (Dkt. no. 21 at 2.)

15   **II.   LEGAL STANDARD**

16       A district court has discretionary power to stay proceedings in its own court.

17   *Landis v. N.A. Co.*, 299 U.S. 248, 254-255 (1936); *see also Lockyer v. Mirant Corp.*, 398

18   F.3d 1098, 1109 (9th Cir. 2005).  "A trial court may, with propriety, find it is efficient for its

19   own docket and the fairest course for the parties to enter a stay of an action before it,

20   pending resolution of independent proceedings which bear upon the case."  *Leyva v.

21   Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).  "When considering a

22   motion to stay, the district court should consider three factors: (1) potential prejudice to

23   the non-moving party; (2) hardship and inequity to the moving party if the action is not

24   stayed; and (3) the judicial resources that would be saved by avoiding duplicative

25   litigation if the cases are in fact consolidated."  *Rivers v. Walt Disney Co.*, 980 F. Supp.

26   1358, 1360 (C.D. Cal. 1997).

27   ///

28   ///

## III.     DISCUSSION

The Court concludes that granting a stay in this case promotes judicial economy, avoids the risk of inconsistent judgments and results in minimal, if any, prejudice to Plaintiff.

A stay pending an MDL transfer order will avoid duplicative discovery and pretrial management efforts.  The parties contest whether this case was properly removed under a theory of federal implied preemption.  At the time Defendants filed their Reply Brief, the issue of the applicability of implied preemption to claims against alleged distributors and sales representatives – Defendants' basis for removal – was pending before Judge Katz in at least two other cases. Therefore, denying Defendants' Motion would result in significant prejudice to Defendants because they would have to endure additional discovery or motion practice, the result of which could create duplicative and potentially inconsistent obligations.  *See Lopez v. Tyson Foods, Inc.*, 2008 U.S. Dist. LEXIS 106132 at *6 (D. Neb. Sept. 8, 2008) ("[A]ny additional discovery or motion practice will create duplicative and potentially inconsistent obligations for the defendant.").  Further, granting a stay of proceedings pending transfer to MDL 2197 promotes judicial efficiency and consistent adjudication in cases like this one, "when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well."   David F. Herr, Annotated Manual for Complex Litig. § 22.35 (2012); *see also Moore v. Wyeth-Ayerst Labs*, 236 F. Supp. 2d 509, 512 (D. Md. 2002) (granting a stay because "it furthers the goals of judicial economy and consistency").

Moreover, Plaintiff fails to demonstrate how denying her Motion to Remand without prejudice would prejudice her.[1] Judge Katz can address Plaintiff's Motion to Remand should the transfer order become final, and if it does not, this Court will address Plaintiff's Motion.  *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Once transferred, the

---

[1]Notably, the Court need not decide the jurisdictional question before granting Defendants' Motion to Stay, because "[j]urisdiction is vital only if the court proposes to issue a judgment on the merits."  *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

1   jurisdictional objections can be heard and resolved by a single court and reviewed at the

2   appellate level in due course. Consistency as well as economy is thus served.").    And

3   while transfer to the MDL court will extinguish all prior motions pending in the transferor

4   court at the time of transfer, Plaintiff can simply re-file her Motion to Remand upon

5   transfer.   "Allowing the transferee judge to rule on the motion to remand provides for

6   consistent treatment of similar issues and may reduce the burden on litigants and the

7   judiciary." *Moore*, 236 F. Supp. 2d at 511.

8   **IV. CONCLUSION**

9       IT IS HEREBY ORDERED that Defendants' Motion to Stay (dkt. no. 8) is

10  GRANTED pending the MDL court's transfer determination.

11      IT IS FURTHER ORDERED that Plaintiff's Motion to Remand (dkt. no. 12) is

12  DENIED without prejudice.

13

14      DATED THIS 14th day of August 2012.

15                                              _____

16                                              UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

4